# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed:  September 24, 2021

```
* * * * * * * * * * * * *       *
EMILY MEACHAM and               *
CHRISTOPHER RYAN ST. ANDRE      *
as co-administrators of the     *
ESTATE OF JOEY LYNN BATES,      *       No. 19-0079V
                                *       Special Master Sanders
           Petitioners,         *
                                *       UNPUBLISHED
v.                              *
                                *
SECRETARY OF HEALTH             *       Attorneys' Fees and Costs
AND HUMAN SERVICES,             *
                                *
           Respondent.          *
* * * * * * * * * * * * *       *
```

William E. Cochran, Jr., Black McLaren, et al., PC, Memphis, TN, for Petitioners;
Camille M. Collett, United States Dep't of Justice, Washington, DC, for Respondent.

### DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

On January 16, 2019, Emily Meacham and Christopher Ryan St. Andre ("Petitioners") filed a petition for compensation pursuant to the National Vaccine Injury Compensation Program.[2] 42 U.S.C. §300aa-10 et seq. (2012). Petitioners alleged that the influenza vaccine Mr. Bates received on October 6, 2017, caused him to suffer Guillain-Barré syndrome and death. *See* Pet. at

---

[1] The undersigned intends to post this Ruling on the United States Court of Federal Claims' website. **This means the Ruling will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished ruling contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

1, ECF No. 1. On April 6, 2021, the parties filed a stipulation, which the undersigned adopted as her decision awarding compensation on April 7, 2021. (ECF No. 34).

On June 11, 2021, Petitioners filed a motion for attorneys' fees and costs. ("Fees App.") (ECF No. 39). Petitioners request total attorneys' fees and costs in the amount of $57,514.92, representing $49,205.40 in attorneys' fees and $8,309.52 in attorneys' costs. Fees App. at 1. Pursuant to General Order No. 9, Petitioners have indicated that they have not personally incurred any costs in pursuit of this litigation. Fees App. Ex. 3. Respondent responded to the motion on June 25, 2021, stating that Respondent "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." Resp't's Resp. at 2 (ECF No. 40). Petitioners did not file a reply thereafter.

This matter is now ripe for consideration.

## I. Reasonable Attorneys' Fees and Costs

Section 15(e) (1) of the Vaccine Act allows for the Special Master to award "reasonable attorneys' fees, and other costs." § 300aa–15(e)(1)(A)–(B). Petitioners are entitled to an award of reasonable attorneys' fees and costs if they are entitled to compensation under the Vaccine Act, or, even if they are unsuccessful, they are eligible so long as the Special Master finds that the petition was filed in good faith and with a reasonable basis. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1352 (Fed. Cir. 2008). Here, because petitioners were awarded compensation pursuant to a stipulation, they are entitled to a final award of reasonable attorneys' fees and costs.

It is "well within the special master's discretion" to determine the reasonableness of fees. *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521–22 (Fed. Cir. 1993); *see also Hines v. Sec'y of Health & Human Servs.*, 22 Cl. Ct. 750, 753 (1991). ("[T]he reviewing court must grant the special master wide latitude in determining the reasonableness of both attorneys' fees and costs."). Applications for attorneys' fees must include contemporaneous and specific billing records that indicate the work performed and the number of hours spent on said work. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316–18 (2008). Such applications, however, should not include hours that are "'excessive, redundant, or otherwise unnecessary.'" Saxton, 3 F.3d at 1521 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).

Reasonable hourly rates are determined by looking at the "prevailing market rate" in the relevant community. *See Blum*, 465 U.S. at 895. The "prevailing market rate" is akin to the rate "in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Id.* at 895, n.11. Petitioners bear the burden of providing adequate evidence to prove that the requested hourly rate is reasonable. *Id.*

### a. Hourly Rate

The decision in *McCulloch* provides a framework for consideration of appropriate ranges for attorneys' fees based upon the experience of the practicing attorney. *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015), *motion for recons. denied*, 2015 WL 6181910 (Fed. Cl. Spec. Mstr. Sept. 21, 2015). The

Court has since updated the *McCulloch* rates, and the Attorneys' Forum Hourly Rate Fee Schedules for 2015–2016, 2017, 2018, 2019, 2020, and 2021 can be accessed online.[3]

Petitioners request the following rates for her counsel: for Mr. William Cochran, Jr., $377.00 per hour for work performed in 2018, $391.00 per hour for work performed in 2019, $405.00 per hour for work performed in 2020, and $420.00 per hour for work performed in 2021; for Mr. Michael McLaren, $484.00 per hour for work performed in 2020; and for Mr. Chris Webb, $338.00 per hour for work performed in 2019 and $351.00 per hour for work performed in 2020. The undersigned finds these rates to be reasonable and consistent with what these Black McLaren et al. attorneys have previously been awarded for their vaccine program work and shall award them herein.[4]

### b. Reasonable Number of Hours

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera,* 515 F.3d at 1348. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton,* 3 F.3d at 1521 (quoting *Hensley v. Eckerhart,* 461 U.S. 424, 434 (1983)).

Upon review, the undersigned finds the overall hours billed to be reasonable. Counsel has provided sufficiently detailed descriptions for the tasks performed and most appear reasonable in the undersigned's experience. Respondent also has not identified any particular entries as objectionable Petitioners are therefore awarded final attorneys' fees of $49,205.40.

### c. Attorney Costs

Like attorneys' fees, a request for reimbursement of attorneys' costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.,* 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioners request a total of $8,309.52 in attorneys' costs, comprised of acquiring medical records, the Court's filing fee, postage, travel expenses to meet with Petitioners, and work performed by Petitioners' medical expert, Dr. Shiva Natarajan. Petitioners have provided adequate documentation of all these expenses, and they are reasonable in the undersigned's experience. Accordingly, Petitioners are awarded the full amount of costs requested.

---

[3] The Fee Schedules are available at http://www.uscfc.uscourts.gov/node/2914.

[4] Petitioners also request compensation for work performed by Ms. Jana Lamanna. Ms. Lamanna is a partner at the Black McLaren firm who specializes in estate work. Ms. Lamanna is not a member of the bar of the Court of Federal Claims. However, because she performed necessary estate work in this case and not Vaccine Program work, she may receive attorney rates for her time. The rates billed by Ms. Lamanna are equivalent to those billed by Mr. Cochran, presumably because they are both partners at the Black McLaren firm. In the undersigned's experience, these rates would be on the high side for estate work. However, due to the minimal amount of time billed by Ms. Lamanna, the undersigned finds the total amount billed for her work reasonable. If counsel intends to utilize Ms. Lamanna's expertise more frequently in the future, counsel should submit evidence to support Ms. Lamanna's hourly rates as reasonable for estate work.

## II.  Conclusion

In accordance with the Vaccine Act, 42 U.S.C. §15(e) (2012), the undersigned has reviewed the billing records and costs in this case and finds that Petitioners' request for fees and costs is reasonable. Based on the above analysis, the undersigned finds that it is reasonable to compensate Petitioners and their counsel as follows:

| | |
|---|---|
| Attorneys' Fees Requested | $49,205.40 |
| (Reduction to Fees) | - |
| **Total Attorneys' Fees Awarded** | **$49,205.40** |
| | |
| Attorneys' Costs Requested | $8,309.52 |
| (Reduction of Costs) | - |
| **Total Attorneys' Costs Awarded** | **$8,309.52** |
| | |
| **Total Attorneys' Fees and Costs** | **$57,514.92** |

**Accordingly, the undersigned awards a lump sum in the amount of $57,514.92, representing reimbursement for Petitioners' attorneys' fees and costs, in the form of a check payable to Petitioners and their attorney, Mr. William Cochran, Jr.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[5]

**IT IS SO ORDERED**.

s/Herbrina D. Sanders
Herbrina D. Sanders
Special Master

---

[5] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.